# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50179 | **DATE** | 1/3/2003 |
| **CASE TITLE** | MARQUI vs. ROCK RIVER COMPANIES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is denied. The parties are ordered to schedule a settlement conference with the Magistrate Judge within 30 days.

*/s/ Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN 0 3 2003 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JAN -3 PM 4:04 | 1-3-03 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Michael T. Marqui, brings this action for negligence against defendant, Rock Road Companies, Inc. Plaintiff is a citizen of Illinois. Defendant, which is incorporated and has its principal place of business in Wisconsin, is a citizen of that state. The amount in controversy pled in the complaint is in excess of $75,000. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1). Venue is proper under 28 U.S.C. § 1391(a)(2). Illinois substantive law applies. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Plaintiff was injured when he fell from his motorcycle while riding in the right westbound lane on a four lane portion of U.S. Route 20 in Boone County, Illinois, near the South Appleton (a/k/a Stone Quarry) Road overpass. Defendant was engaged as a paving subcontractor in an Illinois Department of Transportation (IDOT) project to resurface Route 20. Plaintiff fell in an area where defendant recently had done some paving. Defendant moves for summary judgment claiming plaintiff has not presented evidence from which a jury could conclude defendant's actions or omissions were the proximate cause of plaintiff's fall and that defendant cannot be liable because it performed the work according to IDOT specifications.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper if on the record as a whole, a rational jury could not find for plaintiff. See Dersch Energies, Inc. v. Shell Oil Co., No. 01-2495, 2002 WL 31873608, * 6 (7th Cir. Dec. 26, 2002). Plaintiff must present evidence sufficient to establish the existence of the elements essential to his case on all matters upon which he bears the burden of proof at trial to avoid summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Boyce v. Moore, No. 01-2809, 2002 WL 31882233, * 3 (7th Cir. Dec. 27, 2002). To establish a negligence claim under Illinois law plaintiff must show: 1) defendant owed plaintiff a duty of care; 2) defendant breached that duty; and 3) defendant's breach of the duty proximately caused plaintiff's injury. Binz v. Brandt Constr. Co., Inc., 301 F.3d 529, 533 (7th Cir. 2002) (applying Illinois law); Espinoza v. Elgin, Joliet & Eastern Ry Co., 649 N.E. 2d 1323, 1326 (Ill. 1995). Defendant maintains, relying on Hunt v. Blasius, 384 N.E.2d 368 (Ill. 1978), that it owed no duty to plaintiff because it merely followed the plans and instructions of IDOT in performing the work. In Hunt, it was conceded that the contractor fully complied with IDOT's specifications in designing, constructing and installing an exit sign post with which plaintiff's vehicle collided. Id. at 371. The court held an "independent contractor owes no duty to third persons to judge the plans, specifications or instructions which he has merely contracted to follow." Id. Hunt is distinguishable because here a factual dispute exists as to whether the IDOT specifications were followed. The specifications required the paving to be flush with the concrete on the Stone Quarry Road overpass (LR 56.1 (b) ¶ 85) but plaintiff testified there was a four to six inch gap that was one to two inches deep. (Id. ¶ 92) While conflicting evidence exists, the court must view the evidence most favorably to plaintiff on summary judgment. See Dersch Energies, 2002 WL 31873608 at * 6. Since a factual issue exists whether defendant followed the IDOT specifications, it cannot be said defendant owed no duty to plaintiff under Hunt

Generally, a contractor has a duty to warn of uneven surfaces and other dangers it places in a roadway. See Mora v. State, 369 N.E.2d 868, 872 (Ill. 1977). Plaintiff asserts there were no signs warning of "any dips, troughs, ridges or height deviations" in the roadway. (LR 56.1(b), Exh. 1 ¶ 9). This evidence, if believed, is sufficient to establish a breach of the duty to warn of uneven surfaces.

Defendant contends there is no evidence its alleged negligence proximately caused plaintiff's accident. It argues the evidence does not show what caused plaintiff's fall. The issue of proximate cause is usually for the jury. See Scott & Fetzer Co. v. Montgomery Ward & Co., 493 N.E.2d 1022, 1028 (Ill. 1986). Defendant points to plaintiff's testimony as showing plaintiff does not know what caused his fall. Plaintiff testified that other than hitting something in the road he could not "tell you for sure" why he fell. (LR 56.1(a) ¶ 66) Plaintiff's riding companion, Mr. Dauel, did not see plaintiff actually hit anything prior to plaintiff's fall. (LR 56.1(a) Reply ¶ 94) However, taken most favorably to plaintiff, the evidence shows plaintiff hit an uneven spot in the pavement, that no signs warned of this uneven spot, and he fell from his motorcycle sustaining injuries after hitting the uneven spot. Defendant contends there is no evidence that it was responsible for the uneven spot. However, it is undisputed defendant paved the area prior to the accident and there is no evidence of anyone else subsequently creating the uneven spot. Since all reasonable inferences must be drawn favorably to plaintiff, it can be inferred for summary judgment purposes that the gap resulted from defendant's paving job.

Defendant's motion for summary judgment is denied. The parties are ordered to schedule a settlement conference with the magistrate judge within 30 days.